IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KEITH WILLIAMS,

     Petitioner,

v.                             CASE NO. 1:14-cv-51-WTH-GRJ

SECRETARY,
DEPT. OF CORRECTIONS,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his jury-trial conviction in Alachua County for robbery with a firearm, for which he is serving a 15-year sentence, consecutive to prior sentences.  ECF No. 1.  The Respondent filed a response to the merits of the Petition, ECF No. 9, and Petitioner filed a reply, ECF No. 12.  Upon due consideration of the Petition, the response, the state-court record, and the reply, the undersigned recommends that the Petition be denied.[1]

## I.  State-Court Proceedings

The evidence that is relevant to Petitioner's claims may be

_____

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

summarized as follows. Petitioner was charged with one count of robbery with a firearm. Petitioner's trial commenced on June 28, 2010. The state's case relied to a significant extent on the testimony of the victim, Jason Register. Register testified that he was delivering pizza to an apartment complex. After delivering the pizza to an upstairs unit, he descended the stairs and was approached by a black male with a white T-shirt and a low-fade haircut, later identified as Nathaniel Williams. Nathaniel Williams asked Register for directions to another complex. Register became nervous and started making his way to his delivery truck. He observed another black male wearing a brightly colored shirt and hair with braids or twists. Nathaniel Williams grabbed Register. Register began to resist, but Nathaniel Williams nodded to the other man, who was standing on the other side of Register's truck pointing a revolver at Register. Nathaniel Williams threw Register into the truck and began yelling and punching Register in the face, saying "give me the money." Register gave the men what he had, and they fled.

Two men that matched the descriptions of the assailants had been captured on security video at a nearby gas station shortly before the robbery. During the subsequent police investigation, officers canvassing

the neighborhood encountered Petitioner's girlfriend, Marika Allen, who identified Petitioner and Nathaniel Williams from the security video. Petitioner and Nathaniel Williams arrived at her apartment shortly after the robbery. Petitioner was wearing a brightly colored red shirt. Allen turned over a handgun to police. She testified that the gun appeared in her dresser drawer the day after the robbery. Following Petitioner's arrest, he was recorded having a phone conversation with Allen in which he told Allen to say that she had not given police consent to come in and search the apartment. Petitioner and Nathaniel Williams were arrested together a little more than a day after the robbery. A search of Petitioner revealed a signed paycheck stolen from Register in Petitioner's pocket. Petitioner identified himself from the security video. ECF No. 91- at 311-435 (trial transcript).

At trial, a bystander at Register's apartment complex on the night of the robbery identified Nathaniel Williams and Petitioner from the security video. Register identified Nathaniel Williams from a photo lineup, but initially was unable to identify Petitioner from the photos. On a subsequent court date for a probation revocation proceeding, Register identified Petitioner in person as the man who pointed the gun at him. Register

identified Petitioner in open court during the trial as the man who pointed

the gun at him. Register testified that it was more difficult to identify

Petitioner in a black and white photo lineup, but that he was confident in

his identification, having seen him in person. Register testified that "I knew

him the moment I walked into the courtroom." ECF No. 9-1 at 342.

Petitioner's counsel cross-examined Register at length regarding his

identification. Register again conceded that he could not initially identify

Petitioner in the photo lineup. When he was presented with the shirt, he

was unsure whether it was the one worn by the gunman. He testified that

he was "pretty sure" that the revolver admitted into evidence was the one

used during the robbery, but conceded it was possible it was not. *Id*. at

342-46.

The jury found Petitioner guilty. ECF No. 9-2 at 118. Petitioner

appealed, arguing as the sole issue for appeal that the trial court unfairly

prevented defense counsel from arguing that Register's identification of

Petitioner was suspect, during counsel's closing argument. ECF No. 9-2 at

222.

Petitioner then sought postconviction relief asserting the following

claims of ineffective assistance of counsel: Counsel erred in failing to call

Nathaniel Williams as a witness; counsel failed to move to suppress an in-court identification that prejudiced Petitioner; counsel failed to impeach Register's identification testimony; counsel failed to move to suppress the identification of the shirt; and counsel's cumulative errors prejudiced Petitioner. *Id*. at 242-66. The trial court summarily denied relief, without an evidentiary hearing. ECF No. 9-2 at 344-51. The First DCA affirmed, *per curiam*, without written opinion. ECF No. 9-3 at 57.

The instant petition, which Respondent concedes is timely, followed. The Petition identifies three claims: (1) the trial court unlawfully interfered with defense counsel's closing argument; (2) counsel was ineffective for failing to object to the trial court's impermissible comment on evidence; and (3) counsel erred in failing to move to suppress the victim's questionable in-court identification. ECF No. 1. The State argues in response that Petitioner's first claim regarding the trial court's asserted interference with closing argument was not fairly presented to the state courts as a federal claim, and therefore the claim is unexhausted and procedurally defaulted. ECF No. 9 at 3-9. The State argues that Petitioner's second claim regarding counsel's failure to object to the court's comment on evidence is also unexhausted because it was not raised as a ground in Petitioner's

Rule 3.850 motion. *Id*. at 9-12. The State argues that Petitioner's third claim should be denied on the merits. *Id*. at 12-15.

In his Reply, Petitioner concedes that Grounds One and Two are foreclosed from federal review. Petitioner argues that he is nevertheless entitled to relief on the merits of his third claim. ECF No. 12. Accordingly, Petitioner has waived his first and second claims. The Court further finds, upon careful review of the record, that Respondent correctly asserts that Petitioner's first ground was not exhausted as a federal claim and his second ground was never raised on postconviction review. *See* ECF No. 9-2 at 193-206 (Petitioner's brief on direct appeal); ECF No. 9-2 at 242-66, 344-51 (Rule 3.850 motion and trial court decision denying motion). Accordingly, the Court's discussion will address only the merits of the third claim.[2]

## II. Section 2254 Standard of Review

For claims that are properly exhausted, the Anti-Terrorism and

---

[2]In the Reply, Petitioner states that he "asserts as to grounds one and two that respondent['s] assessment of those claims are correct and as such he is entitled [sic] to relief on those claims." ECF No. 12 at 1. Although this statement is somewhat confusing, it is very clear from the remainder of the Reply that Petitioner intended to abandoned his arguments on grounds one and two. Petitioner asserts that he is entitled to relief on Ground Three, and the entirety of the Reply is devoted to his argument on that ground. Petitioner concludes that habeas relief "should be granted for the reasons set in on ground three [.]" *Id*. at 1-8.

Effective Death Penalty Act (AEDPA) imposes further limitations on the

scope of this Court's review.   Under 28 U.S.C. § 2254(d)(2), a federal

court may not grant a state prisoner's application for a writ of habeas

corpus based on a claim already adjudicated on the merits in state court

unless that adjudication "resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented

in the State court proceeding."  Under § 2254(e)(1), "a determination of a

factual issue made by a State court shall be presumed to be correct," and

the petitioner "shall have the burden of rebutting the presumption of

correctness by clear and convincing evidence."  "'[A] state-court factual

determination is not unreasonable merely because the federal habeas

court would have reached a different conclusion in the first instance.'" *Burt*

*v. Titlow*, ___ U.S. ___,  2013 WL 5904117, *4 (2013)(quoting  *Wood v.*

*Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief

only if the state court's adjudication of the merits of the federal claim

"resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the

Supreme Court of the United States." § 2254(d)(1); *see Burt*, 2013 WL

5904117, *4 (standard for reviewing claims of legal error by state courts is "highly deferential"). This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Id*. This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under *Strickland*[3]—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35, 96 S.Ct. 3037 (1976)).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on

---

[3]*Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. A court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong).

the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"  *Id*. (quoting *Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011).  "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Id*. (quoting *Harrington*, 131 S.Ct. at 786).  "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy."  *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

## III.  Discussion

### *Ground Three:  Ineffective Assistance Regarding Identification*

Petitioner contends that counsel should have moved to suppress an unduly suggestive identification procedure that occurred during Petitioner's probation revocation proceeding.  Petitioner contends that the identification was unduly suggestive because he was the only African American male with dreadlocks, wearing a jail jumpsuit, during the proceeding.  Petitioner argues that Register never made a positive identification of him prior to the revocation hearing or prior to his trial.  He asserts that Register's identification was vague, and that he never provided an accurate description.  Petitioner argues that the procedure used created a

substantial likelihood of misidentification.  ECF No. 12 at 3-5.

In rejecting this claim on postconviction review, the state court found that there was no evidence that Register's in-court identification of Petitioner was a violation of due process.  The court noted that at the time of Register's initial identification of Petitioner, Petitioner had been arrested for the robbery based on other evidence, independent of Register's identification.  The trial court determined that any inconsistencies in Register's identification went to its weight, rather than admissibility.  The court concluded that Petitioner had demonstrated neither error nor prejudice regarding counsel's performance.  ECF No. 9-2 at 348-49.

The Supreme Court has stated that "[s]uggestive confrontations are disapproved because they increase the likelihood of misidentification, and unnecessarily suggestive ones are condemned for the further reason that the increased chance of misidentification is gratuitous."  *Neil v. Biggers*, 409 U.S. 188, 198 (1972).  "[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length

of time between the crime and the confrontation." *Id.* at 199-200. The state court's findings regarding a *Biggers* claim are entitled to a presumption of correctness[.]" *Hawkins v. Sec., Fla. Dep't of Corr.,* 219 Fed. Appx. 904, 907 (11th Cir. 2007) (unpublished).

In this case, the issue of Register's identification of Petitioner at the prior hearing was explored extensively on cross and redirect examination. Register testified that on the prior occasion, there were other black males present in court when he identified Petitioner. Register testified that he was confident in his identification of Petitioner at the prior hearing. At the prior hearing, Petitioner had dreadlocks and no glasses, and he looked exactly the way he looked on the night of the robbery. In contrast, at trial Petitioner had glasses and a short haircut, but Register nevertheless was unequivocal in his identification. Register explained that the ability to view Petitioner in person enabled him to make a positive identification. ECF No. 9-1 at 337-49.

The Court agrees with Respondent that Petitioner has failed to show that counsel rendered ineffective assistance by not filing a motion to suppress that, considering the totality of circumstances, would have been denied. Based on the totality of the circumstances, there was not a

substantial likelihood of irreparable misidentification that would have led to the suppression of the out-of-court identification.  Even assuming, *arguendo,* that trial counsel's actions were deficient, there is not a reasonable probability that the outcome of the trial would have been different had trial counsel filed a motion to suppress.  Register's in-court identification of Petitioner was clear.

Further, as summarized above, the evidence of Petitioner's guilt was overwhelming and Register was not the only witness at trial who identified Petitioner.  An eyewitness to the crime identified Petitioner from a photo array.  Petitioner was identified in a security video appearing exactly as described by the victim prior to the crime.  There was physical evidence linking Petitioner to the crime, including the handgun provided to police by his girlfriend and the shirt he wore on the night of the robbery.  There was evidence that Petitioner sought to have his girlfriend lie to the police regarding the physical evidence.  And notably, Petitioner was in possession of Register's paycheck stolen during the robbery when he was arrested.

In sum, Petitioner has failed to show that the state court's rejection of this ineffective-assistance claim was so lacking in justification that there

was an error beyond any possibility for fairminded disagreement. *Burt, ___ U.S. ___,* 2013 WL 5904117, *4.

## IV. Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## V.  Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that

the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,  ECF

No. 1, should be **DENIED** and a COA should be **DENIED.**

**IN CHAMBERS** this 24th day of April 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.